[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #128
The plaintiff, Robert K. Brill, brings this five-count action against the defendants, The Golf Club at Aspetuck, Inc., and Mark Fuller. In an amended complaint dated June 13, 1997, the plaintiff alleges that he was wrongfully terminated from his position as maintenance supervisor of the defendants' golf course.
The defendants filed a motion to dismiss the four and fifth counts of the plaintiffs complaint on July 23, 1997. The plaintiff filed an objection and argument was heard at short calendar on May 18, 1998.
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." HerzogFoundation, Inc. v. University of Bridgeport, 41 Conn. App. 790,793, 677 A.2d 1378, cert. granted on other grounds,239 Conn. 907, 682 A.2d 998 (1996). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. Metal Products Corp. , 44 Conn. App. 446,689 A.2d 1145 (1997). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody. N.E.. Inc., 239 Conn. 93,680 A.2d 1321 (1996).
The defendants move to dismiss the fourth and fifth counts of the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction over them. Specifically, the defendants argue that the fourth and fifth counts are actions brought under the Connecticut Fair Employment Practices Act and thus the plaintiff needs to follow the statutory guidelines therein. Accordingly, since the plaintiff failed to obtain a release from the Commission on Human Rights and Opportunities (CHRO) as specified in General Statutes § 46a-101, the defendants argue that the plaintiff must be prohibited from bringing a suit under General Statutes § 46a-101.
The plaintiff objects to the defendants' motion to dismiss and argues that it is impractical for the plaintiff to obtain a CT Page 7684 release from the CHRO. The plaintiff argues that he is seeking punitive damages and attorney's fees that are beyond the power of the CHRO to grant and thus the plaintiff does not need to exhaust any available administrative remedies. Futhermore, the plaintiff argues that his allegations of the defendants' violation of §46a-60[1] merely frame the actual claims of "breach of good faith and fair dealing" in the fourth count and that the defendants failed to provide management which resulted in a hostile and unstable work environment in the fifth count.
The plaintiff's second objection to the motion to dismiss is valid and, therefore, the motion to dismiss will be denied. While "[t]he statutes are clear in requiring that a release be obtained as a precondition to suit;" Cross v. Larosa, Superior Court, judicial district of New Britian, Docket No. 477442, 21 CONN. L. RPTR. 241 (January 13, 1998, Graham, J.); this precondition applies to causes of action relying soley on the Fair Employment Practices Act (FEPA). As one court has observed, "[t]here is no indication in the statute that the legislature intended to preeempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed remedies in Sec. 46a-51
et. seq To the contrary, there are many cases in which parties have brought common law claims in addition to claims under Sec.46a-60." Shyer v. Associated Pulmonologists of WesternConnecticut, Superior Court, judicial district of Danbury, Docket No. 319434, 16 CONN. L. RPTR. 539 (April 15, 1996, Moraghan, J.); see also Barton v. Connex International, Inc., Superior Court, judicial district of Danbury, Docket No. 325146, 19 CONN. L. RPTR. 360 (April 23, 1997, Stodolink, J.).
In the present case, the plaintiff's fourth and fifth counts set forth common law actions. In the fourth count, the plaintiff alleges that the actions of the defendants "were in violation of the expressed and implied covenant of good faith between Plaintiff and Defendants." While the plaintiff alleges that various violations of 46a-60 are indicative of this violation of good faith, the court is not deprived of subject matter jurisdiction to hear the common law claim alleged. The same holds true for the fifth count of the amended complaint. There, the plaintiff alleges that he was injured as a result of the defendants' negligence. While the plaintiff again uses supposed § 46a-60 misconduct to support his common law claims sounding in negligence, his inclusion of the statutory violations does not extinguish subject matter jurisdiction as to his common law claims. CT Page 7685
Whether the fourth and fifth counts of the amended complaint state legally sufficient causes of action is not before the court. Addressing the present motion to dismiss, the court must admit all facts well pleaded. The plaintiff has alleged common law causes of action in the fourth and fifth counts which are not preconditioned on a release from the CHRO. The motion to dismiss is denied.
STODOLINK, J.